IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY R. SHAMLIN, (Tarrant No. 0978864), | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-468-O |
| BILL E. WAYBOURN, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate Bobby R. Shamlin's ("Shamlin") case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that Plaintiff's claims and allegations against some defendants must be **DISMISSED** with prejudice under authority of these provisions, but that he may obtain service of process on the remaining claims.

**I.    BACKGROUND**

Plaintiff Shamlin initially filed a form civil rights complaint. Compl., ECF No. 1. Shamlin remains detained in the Tarrant County Jail. *Id*. at 1, 3. In the complaint, Shamlin named as defendants Tarrant County Sheriff Bill E. Waybourn, the Tarrant County Jail, and Officer Gray Adams. *Id* at 1, 3. Shamlin provided the following state of claim:

> The two officers one white one black put me into a holding cell and into a wheelchair and then started after strapping my arms down and assaulting me by pulling my fingers upward which caused serious bodily injury to my fingers on my right hand on July 31, 2021 . . . at about 8:00 p.m. I was taken to my housing in the same wheelchair that I was assaulted in the same day.

1

Compl.5, ECF No. 1. After review of the original complaint, the Court issued an order for Shamlin to answer the Court's questions in the form of a more definite statement of the facts related to his claims, and he responded by filing a handwritten more definite statement. Order for More Definite Statement ("MDS"), ECF No. 9; MDS, ECF No. 10.

In review of the more definite statement, when asked about why he was placed in a "holding cell" Shamlin explained that he had repeatedly complained to the officers for not arresting "people who took my phone [sic]." MDS 1, ECF No. 10. As to the actions of Officer Gray Adams, Shamlin answered that "Adams put me into a big wheelchair and strapped me down my arms and then starter [sic] pulling my fingers upward which caused serious bodily injury to my fingers on my right hand." *Id.* As to the unnamed officer John Doe, Shamlin wrote "the other officer involved was white, he also strapped my [ . . .] arm down and started to pull my fingers upward . . . I was not resisting." *Id.* Shamlin contends he did receive medical attention in the form of a "right middle finger splint." *Id.* at 1, 3. Shamlin acknowledged that Sheriff Waybourn was not personally involved but claimed he is "responsible for training the officers and the misconduct should not happen." *Id.* at 3. As to the Tarrant County Jail, Shamlin asked the Court to consider his claim against Tarrant County, Texas, but he did not state any facts or allegations against the County. *Id* at 4. Shamlin seeks "a payment for being assaulted by a Tarrant County Jail." Compl. 5, ECF No. 1.

## II.     LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Shamlin is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which

requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Shamlin is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. Sheriff Bill Waybourn - No Personal Involvement - No Respondeat Superior

When Shamlin filed this action on a prisoner complaint form, he invoked the Court's

federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"); *Douthit v. Jones*, 641 F.2d 345 (5th Cir.1981) (a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.")

Shamlin listed Sheriff Bill E. Waybourn as a defendant. Compl. 1, ECF No. 1. A supervisory official, like Sheriff Waybourn, cannot be held liable pursuant to § 1983 under any theory of vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979). Such officials may be liable when enforcement of a policy or practice results in a deprivation of a federally protected

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

right. *Alton*, 168 F.3d at 200 (citing *Doe v. Dallas Ind. Sch. Dist.*, 153 F.3d 211, 215-16 (5th Cir. 1998)).

The Court directed Shamlin to "state any particular facts of how any conduct of Sheriff Waybourn caused you to sustain any harm." Order for MDS 3, ECF No. 9. In response, however, Shamlin did not provide any facts. MDS 3-4, ECF No. 10. Instead, he alleged only that Waybourn was "responsible for training the officers and the misconduct should not happen." *Id.* But without supporting facts, Shamlin's claim is essentially a claim that Waybourn is vicariously liable for the actions of the officers. As Shamlin has not provided sufficient facts to support a claim against Waybourn, his claims against Waybourn must be dismissed.

### B. Tarrant County Jail - No Jural Existence
### Tarrant County, Texas - No Sufficient Claim of Municipal Liability

As noted above, Shamlin named as a defendant the Tarrant County Jail. Compl. 1, ECF No. 1. After the Court explained to Shamlin the doctrine of jural existence in the Order for an MDS, however, Shamlin answered that he sought to state his claims only against Tarrant County, Texas. MDS 2, 4, ECF No. 10. Thus, Shamlin has abandoned his claims against the Tarrant County Jail and that defendant must be dismissed.

Shamlin alternatively names Tarrant County, Texas. Although a city or county is a "person" within the meaning of § 1983 a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury

> inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Shamlin claims that Tarrant County, Texas is responsible to him due to the actions of the guards at the Tarrant County Jail, as this claim is essentially a claim that the County is responsible on a vicarious liability or *respondeat superior* basis, such claim is without merit.

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Shamlin to provide any "facts of a custom or policy . . . that relates to your harm." Order for MDS 3, ECF No. 9. Shamlin did not provide any responsive information asserting any kind of facts against Tarrant County, Texas. Shamlin has provided no facts to support any claim that Tarrant County could be liable to him for a violation of constitutional rights on the facts as stated.

**IV.    SERVICE OR REMAINING CLAIMS**

Construed liberally, Shamlin has alleged facts against the remaining defendants, Officers Gray Adams and John Doe, that entitle him to service of the complaint and more definite statement on them. Thus, the Court will allow service of Shamlin's remaining claims against these two Tarrant County Jail officers through the assistance of the officers of the Court under 28 U.S.C. 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1109-1110 (5th Cir. 1987).2

**V.    CONCLUSION and ORDER**

It is therefore **ORDERED** that all plaintiff Bobby R. Shamlin's claims for relief in this action against defendants Tarrant County Jail, Tarrant County, Texas, and Sheriff Bill E. Waybourn are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **12th day** of **October, 2022.**

*[Signature: Reed O'Connor]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] A separate order will issue regarding service of Shamlin's remaining claims.